PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

(Circuit Court, S. D. New York. November 29, 1911.)

Nos. 2–9, 2–33, 2–149, 3–37.

STREET RAILROADS (§ 58*)—RECEIVERS—LIABILITY FOR RENTAL OF LEASED LINE.

Receivers for an insolvent street railroad company, who, on their appointment, took possession of a leased line which formed part of the lessee's system and operated the same, at first without agreement and after a short time under a temporary agreement with the lessor as to rental to be paid, but who neither formally assumed the lease nor paid any rental in accordance with its terms, cannot be held liable thereunder for such rental, but are liable only for the fair rental value during the time they operated it without agreement.

[Ed. Note.—For other cases, see Street Railroads; Dec. Dig. § 58.*]

In Equity. Suits by the Pennsylvania Steel Company and others against the New York City Railway Company and others; by the Morton Trust Company against the Metropolitan Street Railway Company and others; by the Guaranty Trust Company of New York against the Metropolitan Street Railway Company and others; and by the Morton Trust Company against the Metropolitan Street Railway

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Company and others. On petition by the Central Crosstown Railroad against the receivers of the Metropolitan Street Railway Company. Petition granted in part.

This cause comes here upon petition by the Central Crosstown Railroad to direct receivers of the Metropolitan Street Railway Company to pay: (1) The sum of $52,500 alleged to be due as rental for the railroads and properties of the Central Crosstown Company during the period from October 1, 1907, to April 30, 1908, under the terms of a lease between the Crosstown Company and the Metropolitan Company dated February 8, 1904; and (2) the sum of $27,646 paid to the city of New York by the Crosstown Company for special franchise taxes for the years 1904 to 1908 inclusive.

Richard Reid Rogers and J. Tufton Mason, for Central Crosstown Co.

Julius M. Mayer, for Note Holders Committee.

Geller, Rolston & Horan, for Farmer's Loan & Trust Co.

Arthur H. Masten and William M. Coleman, for Receivers of Metropolitan St. Ry.

LACOMBE, Circuit Judge (after stating the facts as above). This is one of the improvident leases entered into by the Metropolitan Company, where an exorbitant rental was undoubtedly a potent factor in bringing about the collapse of the system in 1907. The rental reserved was the payment of all fixed charges accruing against the Crosstown Company and in addition a sum equal to 15 per cent. on its capital stock. Receivers upon appointment took possession of the property, then a part of the system, and continued to operate it; but there is nothing to show that they ever assumed the obligations of the lease. They failed to pay the quarterly installments of the 15 per cent. called for by the lease as payable on January 1, 1908, and April, 1908. On April 30, 1908, they wrote to petitioner that continued operation of the road was unprofitable. A temporary agreement for a year was then entered into May 1, 1908, under which the receivers agreed to pay the same amount as that provided for in the lease, except the 15 per cent. This certainly was not an acceptance and assumption of the lease. As the year covered by this agreement drew near its close, receivers, finding the road unprofitable under existing conditions, offered to give up possession of the property or to continue in occupation indefinitely subject to a cancellation notice of 30 days, paying therefor the amount named in the lease, less the 15 per cent. and also less the interest on certain notes of the Crosstown Road, also stipulating that they should be relieved of any obligation for payment of special franchise taxes on the property. This offer was accepted "without prejudice to any claim the Crosstown Road may have by reason of the operation of the property by receivers up to and including April 30, 1909."

Upon this state of facts the claim that receivers are responsible for any part of the 15 per cent. as rental under the lease is wholly without merit. They are responsible for whatever is a proper amount of compensation for use and occupation. Petitioner may show that the money earned by operating the road exceeded the cost of such operation. The answer of the receivers indicates that during the period in question the road was operated at a loss; receivers being averse to a

further disruption of the system and hoping for an improvement in receipts which did not materialize.

The petition to direct receivers to pay $52,500 rental under the lease is denied.

2. As to the special franchise taxes: Receivers expressly agreed to pay such taxes accruing for the year from May 1, 1908, to May 1, 1909. The Crosstown Company apparently paid these to the Comptroller, being unwilling to await the result of some negotiations for compromise. For this amount thus paid they should be reimbursed. Receivers, however, paid special franchise taxes for 1909 and 1910, which concededly they were under no obligation to pay, and this amount should be deducted from whatever they owe for similar taxes accruing during the year (May 1, 1908, to May 1, 1909). If the accounting shows a balance—as between these two sums—in receivers' favor, they have a claim therefor against the Crosstown Road.

I find in the record nothing to warrant the conclusion that receivers ever agreed to pay, or assumed the payment of, any special franchise taxes assessed against the Crosstown Road, except for this single year.

Let an order be entered in accordance with the views herein expressed.